UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
In re:

                                                    Case No. 19-41164 (cec)

MARITA INGRAM,

                                                    Chapter 13

                          Debtor.
-------------------------------------------------------- X

## DECLARATION OF DEBTOR'S ATTORNEY IN RESPONSE TO TRUSTEE'S MOTION TO DISMISS

Erin E. Wietecha, an attorney admitted to practice in the Eastern District of New York, declares and certifies the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I represent Debtor Marita Ingram in the above-referenced action.

2. Debtor respectfully submits this response to Trustee Macco's application to dismiss this case ("Motion to Dismiss"), which he filed on April 23, 2019.

3. Debtor respectfully requests that her case not be dismissed. Either: (1) she has either cured or is in the process of curing, each of the deficiencies listed by the Trustee in his Motion to Dismiss; or (2) the purported bases for dismissal do not warrant dismissal of the case.

4. As this Court is aware, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 27, 2019.

5. Also on that date, Debtor filed a certificate of credit counseling evidencing her compliance with the pre-filing credit counseling requirements set forth in 11 U.S.C. §§ 109(h) and 111.

6. Debtor completed her Post-Filing Debtor Education with a provider approved pursuant to 11 U.S.C. § 111 on March 10, 2019.

7. Debtor subsequently filed a motion for an extension of time to file her schedules, Chapter 13 Plan, and information required under 11 U.S.C. §521(a)(1).

8. After notice and a hearing on Debtor's motion for an extension of time to file her schedules, Chapter 13 Plan, and information required under 11 U.S.C. §521(a)(1), this Court extended Debtor's time.

9. Debtor subsequently filed the required schedules and disclosures on April 12, 2019. *See* Docket Nos. 13 and 14.

10. Debtor filed her Chapter 13 Plan on May 15, 2019. *See* Docket No. 16.

11. The Section 341 meeting was scheduled for May 17, 2019.

12. Debtor appeared on that date. I appeared on her behalf as well.

13. Due to the short period between the filing of the Schedules and Plan and the Section 341 meeting, the Trustee's office did not have an opportunity to review the Debtor's Schedules or Plan.

14. I requested an adjournment of the meeting, and the Trustee's attorneys agreed. *See* statement adjourning conference entered on the docket (no docket number) April 18, 2019.

15. Debtor subsequently appeared on the adjourned date of May 15, 2019. I appeared on her behalf. Trustee Macco closed the meeting.

16. Debtor subsequently filed and/or uploaded a number of documents in an attempt to cure all deficiencies.

17. At the May 15, 2019 Section 341 meeting, I asked the Trustee's attorneys for a list of items needed to cure each of the deficiencies set forth in Trustee Macco's Motion to Dismiss, given that the Debtor had been submitting to me, and I had been uploading, a number of documents since the Motion to Dismiss was filed, including

bank statements, an affidavit of contribution, and an appraisal of the property that Debtor owns and wishes to retain.

18. On May 16, 2019, Trustee Macco's office sent me a list of outstanding items via electronic email. This list included items discussed at the May 15, 2019 meeting and some additional requests.

19. On May 23, 2019, I uploaded to the Trustee's website a response to the May 16, 2019 communication. A copy of that letter response is annexed hereto as "**Exhibit A.**"

20. A screen printout demonstrating what documents were uploaded, and when, is annexed hereto as "**Exhibit B.**"

21. Debtor also filed amended schedules and an amended Chapter 13 Plan on May 23, 2019. *See* Docket Nos. 32, 33.

22. As is evident from the Chapter 13 Plan(s), Debtor's success in this bankruptcy depends upon her ability to obtain a loan modification or other loss mitigation option from the secured creditor, DRRF Trust.

23. DRRF Trust has objected to confirmation of the Chapter 13 Plan and has also objected to Debtor's request for loss mitigation on the basis that Debtor does not reside in the real property that is the subject of the secured claim. A hearing on loss mitigation, among other issues, is scheduled for June 13, 2019.

24. Debtor respectfully incorporates Exhibit A as if set forth fully herein and respectfully requests that this Court: (a) deny the Motion to Dismiss; or (b) adjourn it to a date that is later than June 13, 2019, in the interest of judicial economy, so that the Debtor may cure any deficiencies that the Trustee, or this Court, may deem outstanding.

Dated: Brooklyn, New York
       May 23, 2019

         /s/ *Erin E. Wietecha*
      Erin E. Wietecha, Esq.

LAW OFFICES OF ERIN E. WIETECHA
35 Pinelawn Road, Suite 106E
Melville, New York 11747
T (347) 305-1766
erin@wietechalaw.com
*Attorney for Debtor Marita Ingram*